IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR<br><br>Plaintiff,<br><br>v.<br><br>DAVIS DESIGN & DEVELOPMENT, INC., a corporation; and GEORGE M. DAVISON, individually and as a Corporate officer of the aforementioned corporation,<br><br>Defendants. | Civil Action No. 13-1118<br>Judge Nora Barry Fischer |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas E. Perez, Secretary of Labor, U.S. Department of Labor (the "Government"), filed this civil action on August 1, 2013, against Defendants, Davison Design & Development, Inc. ("Davison") and George M. Davison individually ("Mr. Davison"), to enjoin them from violating Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938 (the "FLSA"). (Docket No. 1 at 1). The Government seeks to enjoin Defendants from violating § 17 of the FLSA, as well as backwage compensation and liquidated damages from at least December 2009 through at least November 2011 for Defendants' employees, who are listed in Schedule A, a list exceeding five pages. *Id.* at 5. The Complaint further alleges "[a]dditional amounts of money and liquidated damages" for violations "continuing after November 2011," and which "may be owed to persons presently unknown to Plaintiff." *Id.* at 5-6.

On October 7, 2013, Defendants filed two Motions for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). (Docket Nos. 13, 16). Defendants' first Motion seeks to dismiss with prejudice all claims against Defendant George M. Davison based on failure to

1

allege facts demonstrating that Mr. Davison exercised significant control over the employment of the employees at issue. (Docket No. 13). Defendants' second Motion seeks to dismiss with prejudice all claims for alleged violations occurring: (1) prior to January 23, 2011 in light of the FLSA's two-year statute of limitations; and (2) after November 2011 based on the failure to allege specific facts to support a claim for relief under Rule 12(c). (Docket No. 16). The Court heard oral argument on November 25, 2013, (Docket No. 24), and the parties filed Supplemental Briefs on December 2, 2013, (Docket No. 27), and December 9, 2013, (Docket No. 28).

Upon consideration of the parties' positions, and for the following reasons, these Motions are GRANTED, in part and DENIED, in part; they are GRANTED to the extent that they seek dismissal of claims arising exclusively prior to January 23, 2011, without prejudice; they are DENIED in all other respects.

I. **Allegations in the Complaint[1]**

According to the Complaint, Defendant Davison is a Pennsylvania Corporation based in Pittsburgh, PA. (Docket No. 1 at 2). Davison purports to do business in assisting inventors with preparing and presenting their invention ideas to companies, manufacturers, and retailers. *Id.* The Complaint indicates that Davison does not sell to final consumers, but to clients "who are seeking assistance in developing a business idea." *Id.* at 3. To that end, Davison allegedly employs sales representatives to speak with potential in-state and out-of-state clients, to sell Davison's services to clients, and to assist clients in working with Davison's various departments. *Id.* Davison's sales representatives are supposedly not "commissioned employees of a retail or service establishment that might be exempt from the overtime requirements of the FLSA." *Id.* at 4. Nevertheless, these employees have allegedly worked regularly in excess of

---

[1] As discussed in Part II, in ruling on a motion for judgment on the pleadings under Rule 12(c), which this Court construes as a motion to dismiss under Rule 12(b)(6), the Plaintiff's allegations are assumed to be true, and all factual disputes are drawn in its favor. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

forty hours per workweek and are not paid premiums for any alleged overtime hours. *Id.* at 3-4. Their average work hours "range from approximately 42 to 51.75 hours per week." *Id.* at 4.

In addition, Defendants have apparently failed to "make, keep and preserve adequate and accurate records of many of their employees of the hours and other conditions of employment, which they maintain, as prescribed by the regulations issued and found at 29 C.F.R. Part 516 … from at least December 2009 through at least November 2011." *Id.* at 4-5. As a result, Defendants have seemingly "repeatedly violated the overtime and monetary provisions of the [FLSA]," *id.* at 5, by "employing certain of their employees … for workweeks longer than those prescribed by Section 7 of the [FLSA] without compensating said employees for their employment in excess of the prescribed hours in said workweeks at rates not less than one and one-half times the regular rates at which they were and are employed." *Id.* at 4.

Although the Complaint indicates that Defendant George M. Davison is the President of Davison, *id.* at 2, the Answer clarifies that Mr. Davison is in fact the CEO of Davison, (Docket No. 10 at 2). The Complaint avers that Mr. Davison "has actively supervised and directed employment practices and has acted directly or indirectly in the interest of Davison in relation to its employees" from at least December 2009 through at least November 2011. (Docket No. 1 at 2, 4). Throughout this time, Mr. Davison is supposedly "at least partially responsible for Davison's policy of not paying the employees at issue in this matter a premium for overtime hours worked." *Id.* at 2. For these purported violations, the Government requests judgment in the amounts owed to the employees disclosed in Schedule A. *Id.* at 5.

## II.  LEGAL STANDARD

"The standard for deciding a motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is not materially different from the standard for deciding a

motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)."[2] *Ass'n of Cmty. Organizations for Reform Now (ACORN) v. Corbett*, Civ. No. 09-951, 2010 WL 3885373, *4 (W.D. Pa. September 28, 2010); *see also Revell v. Port Authority of New York & New Jersey*, 598 F.3d 128, 134 (3d Cir. 2010); *Christy v. We The People Forms & Service Centers, USA, Inc.*, 213 F.R.D. 235, 238 (D.N.J. 2003). Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …." FED. R. CIV. P. 8(a)(2).

Accordingly, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

"[D]etermining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Under *In re Ins. Brokerage Antitrust Litig.*, "[t]he touchstone of Rule 8(a)(2) is whether a complaint's statement of facts is adequate to suggest an entitlement to relief under the legal theory invoked and thereby put the defendant on notice of the nature of the plaintiff's claim." 618 F.3d 300, 320 (3d Cir. 2010). Even under *Bell Atlantic Corp. v. Twombly*, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." 550 U.S. at 545. All that is necessary is that the Government

---

[2] Since Defendants filed a responsive pleading before challenging the sufficiency of the Complaint, the instant motion is based on Rule 12(c) rather than on Rule 12(b). *See Revell v. Port Authority of New York & New Jersey*, 598 F.3d 128, 132, n.7 (3d Cir. 2010); *Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

4

must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the elements of a claim under the FLSA. *See id.*

## III. DISCUSSION

The Court begins by reviewing the statutory text of the FLSA, which provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The FLSA defines the term "employer" broadly enough to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). A "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). Given the broad reach of these definitions, the provisions of the FLSA extending liability for unpaid wages to "employers" have been construed to impose liability upon individuals as well as entities. 29 U.S.C. § 216(b); *Hewett v. Willingboro Board of Education*, 421 F. Supp. 2d 814, 817, n.4 (D.N.J. 2006); *Kilvitis v. County of Luzerne*, 52 F. Supp. 2d 403, 412–414 (M.D. Pa. 1999). Such individuals are jointly and severally liable for any unpaid wages owed by the employing entity itself. *Dole v. Haulaway, Inc.*, 723 F. Supp. 274, 286–287 (D.N.J. 1989).

These employers must also comply with the FLSA's record-keeping requirements:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall

> prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder. The employer of an employee who performs substitute work described in section 207(p)(3) of this title may not be required under this subsection to keep a record of the hours of the substitute work.

29 U.S.C. § 211(c). Having thus briefly explained the provisions of the FLSA, the Court now turns to the instant issues, addressing each, in turn: (1) whether Mr. Davison as an individual Defendant should be dismissed from the case; (2) whether claims arising prior to January 23, 2011 should be dismissed; and (3) whether claims arising after November 2011 should be dismissed.

### A. Motion for Judgment on the Pleadings as to Mr. Davison as an Individual Defendant

Mr. Davison argues in his Motion for Judgment on the Pleadings that he did not "exert[] significant control over the business relative to the matter at issue." (Docket No. 14 at 4). In *Haybarger v. Lawrence County Adult Probation & Parole*, the Third Circuit held that "the FLSA explicitly provides that an employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 667 F.3d 408, 417 (3d Cir. 2012). *Haybarger* sets forth that "an individual is subject to FMLA liability when he or she exercises 'supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation' while acting in the employer's interest." *Id.* (quoting *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir.1987)).

"[A]n individual supervisor has adequate authority over the complaining employee when the supervisor 'independently exercise[s] control over the work situation.'" *Id.* (quoting *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir.1984)); *see also Falk v. Brennan*, 414 U.S. 190, 195 (1973) (holding that a partnership with "substantial control of the terms and

6

conditions of the work" of their employees is an employer for purposes of the FLSA). To evaluate "an individual supervisor's control over the employee under the FLSA and the FMLA, most courts look to the 'economic reality' of the employment situation, examining whether the individual supervisor carried out the functions of an employer with respect to the employee." *Haybarger*, 667 F.3d at 417. The economic reality test depends on the "totality of the circumstances rather than on technical concepts of the employment relationship." *Id.* at 418 (internal quotation marks omitted). Relevant factors in this analysis include whether the individual "(1) had the power to hire and fire the employee[], (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)).

However, "courts must consider 'any relevant evidence' and '[n]o one of the four factors standing alone is dispositive.'" *Id.* (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)). The Third Circuit has further held that an individual defendant "exercised substantial authority" over a termination decision because he "advised" the termination to the supervisor with final authority to dismiss the employee, and he wrote the termination letter, even though he himself may not have had "final authority to dismiss [the employee]." *Id.* at 418-19.

Here, the Government asserts that it has pled sufficient facts to place Defendants on notice that Mr. Davison was the employer of the individuals disclosed in Schedule A during the applicable time periods (December 2009 through November 2011). The Government alleged that Mr. Davison is the president of Davison and "actively supervised and directed employment practices and has acted directly or indirectly in the interest of Davison in relation to its employees." (Docket No. 1 at 2). The Government also averred that Mr. Davison was

7

responsible for Davison's "policy of not paying the employees at issue in this matter a premium for overtime hours worked." *Id.* As noted, although Defendants deny that Mr. Davison is the President of Davison, they admit that he is the CEO of the company. (Docket No. 10 at 2).

Given that Mr. Davison is in fact the CEO of the company, it is hard to believe that Mr. Davison did not exercise substantial authority over the hiring and firing decisions of Davison's employees, thereby establishing the first *Haybarger* factor. *See id.* Even if Mr. Davison denies allegations that he actively supervised and directed employment practices, *id.*, under a Motion for Judgment on the Pleadings, all factual allegations of the Government are assumed to be true.

Admittedly, the Government has not presented any factual evidence to support the inference that Mr. Davison "actively supervises" and "directs employment practices," which could take the form of employee statements, pay stubs, or other documents. However, as the CEO of the company, Mr. Davison undoubtedly had the power to hire and fire employees, supervise employees, and supervise the maintaining of adequate employment records. To the extent that Mr. Davison argues that he did not control employee work schedules or the conditions of employment, such factual issues about the internal structure of Davison's management are properly determined at summary judgment or trial rather than via judgment on the pleadings.

Moreover, with regard to maintaining adequate employment records, the Government alleges that Davison failed to keep records of the number of hours per week that employees worked, from at least December 2009 through at least November 2011. (Docket No. 1 at 4-5). Alone, this failure of Davison to keep records is a violation of the FLSA, under the regulations issued at 19 C.F.R. § 516.1(a) ("No particular order or form of records is prescribed by the regulations in this part. However, every employer subject to any provisions of the Fair Labor Standards Act of 1938, as amended … is required to maintain records containing the information

and data required by the specific sections of this part."); *see also* 29 U.S.C. § 211(c) ("Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him …."). Therefore, the fourth *Haybarger* factor concerning employment records also weighs against Mr. Davison.

Even though Mr. Davison relies on *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 48, 50-51 (1st Cir. 2013), for its affirmance of a trial court's dismissal of an FLSA claim against a "high-ranking executive," (Docket No. 27 at 5), this argument is not convincing to the Court. In *Manning*, the First Circuit vacated the trial court's dismissal against the "President and CEO" of a company, even though it affirmed the dismissal against the "senior human resources director," because the President and CEO "had the authority to, and did, make decisions that concerned the policies defendants adopted and the implementation of those policies." *Manning*, 725 F.3d at 48, 50. The senior human resources director, by contrast, "lack[ed] any ownership interest in BMC, d[id] not serve as a high-level corporate officer, and [wa]s not a member of the company's board of directors." *See id.* at 50. Here, Mr. Davison is the CEO of Davison and is much more akin to the "President and CEO" than to the "senior human resources director." Therefore, the dismissal of the claim against the senior human resources director, but not the President and CEO, in *Manning* weighs against Mr. Davison. *See id.* at 50-51. To that end, the Court denies Mr. Davison's Motion for Judgment on the Pleadings.

### B. Motion for Judgment on the Pleadings for All Claims Arising Prior to January 23, 2011

As for the claims arising prior to January 23, 2011,[3] Defendants argue that the complaint does not plead the "willful" violations necessary under the FLSA to extend the statute of limitations to three years. (Docket No. 17 at 2). Given that the Government "did not explicitly

---

[3] Although the Complaint was filed on August 1, 2013, the parties reached a "pre-filing agreement" to toll the statute of limitations to January 23, 2011. (Docket No. 17 at 5).

9

allege willfulness" and is "not seeking to recover pursuant to the three-year statute of limitations for willful violations," (Docket No. 23 at 10), the Court finds that the statute of limitations bars the Government from recovering based on claims arising <u>prior to</u> January 23, 2011.

The Court denies Defendants' Motion, however, to the extent that Defendants seek to preclude the Government from filing an amended complaint seeking willfulness based on evidence obtained via discovery, (Docket No. 17 at 5), because the Third Circuit has held in similar circumstances that a district court "must give a plaintiff the opportunity to amend her complaint." *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) ("Nonetheless, the District Judge erred when he dismissed the complaint without offering Phillips the opportunity to amend her complaint."). In *Phillips v. Cnty. of Allegheny*, for instance, the Third Circuit "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d at 236. The Court thus denies Defendants' request to preclude the filing of an amended complaint.

The Court also denies Defendants' Motion to the extent that Defendants request the Complaint be amended immediately. The Government contends that an immediate amendment is premature because courts have permitted the amendment of employee lists based on discovery disclosures. In *Reich v. Great Lakes Collection Bureau, Inc.*, for instance, the trial court allowed the plaintiff "to seek discovery of wage and hour records of defendants' employees for the period from September 24, 1995 to and including the date of this decision and order." 176 F.R.D. 81, 85 (W.D.N.Y. 1997). The plaintiff in *Reich* was also "allowed the opportunity to seek further leave to amend the list of employees, if necessary in light of the information contained in those records." *See id.* Therefore, the Court denies Defendants' request for an immediate amendment.

10

In sum, the Court grants Defendants' Motion for Judgment on the Pleadings to the extent that it seeks the dismissal of claims that arose exclusively prior to January 23, 2011, without prejudice to the Government's filing of an amended complaint alleging willfulness. Defendants' Motion relating to claims arising prior to January 23, 2011 is denied in all other respects.

### C. Motion for Judgment on the Pleadings for All Claims Arising After November 2011

Turning now to the claims arising after November 2011, Defendants contend that the Complaint sets forth no facts to support any claim for relief for claims arising after November 2011. (Docket No. 17 at 6). Defendants maintain that the Complaint focuses on the period from December 2009 through November 2011, (Docket No. 1 at 4), and only alleges, in the Prayer for Relief, additional damages for violations arising after November 2011, and for persons presently unknown, (Docket No. 1 at 5-6). Defendants believe that the allegations in the Prayer for Relief are only "conclusory suggestions," making them insufficient to satisfy the pleading standards of *Iqbal* because they are made on behalf of unknown individuals harmed by unspecified acts. (Docket No. 17 at 6). Defendants contend that such allegations do not "provide clear notice of the specified acts of wrongdoing that Defendants allegedly committed following November 2011 or the facts which [the Government] seeks to prove to demonstrate them." *Id.*

The Government, however, asserts that the facts alleged in the Complaint "give rise to a reasonable inference that the Defendants continued to violate the [FLSA] after the investigation period." (Docket No. 23 at 5). The Government relies on its allegations that from "*at least* December 2009 and through *at least* November 2011, the sales representatives … have worked average hours that range from approximately 42 to 51.75 hours per week." (Docket No. 1 at 4). It also relies on "at least" language for its allegations that Defendants did not keep and preserve employee time records. *Id.* These allegations, according to the Government, provide a

11

reasonable inference of continuing violations of the FLSA, *see id.* at 6, because FLSA violations accrue each time the employer fails to pay proper compensation, *see* 29 C.F.R. § 790.21.

The Government also asserts that requiring "specific facts" for the period after November 2011 is "unreasonable and contrary to accepted practice," because Defendants' "obligation to comply with the FLSA is present at all times—not just the time period covered by the Secretary's investigation," and "Defendants' liability ends with compliance, whenever that may occur, and not with the close of the Secretary's investigation period." (Docket No. 23 at 7-8). The Government cannot maintain "perpetual and ongoing investigation[s] simply to meet the pleading standards as interpreted by the Defendants." *Id.* at 8. Requiring such investigations would preclude the Government from "seek[ing] damages for violations that continue beyond the end of the investigation period, even if those violations are identical in nature to those the Defendants concede were adequately pled," which would undermine the "humanitarian" and "remedial" purposes of the FLSA, and ignore the detail required for a complaint. *Id.*

In this Court's estimation, the essential issue concerns whether the factual allegations for the 2011 period are sufficient to raise a reasonable inference that Defendants may have continued to violate the FLSA after November 2011. The Court finds that it is reasonable to infer that Defendants continued to violate the FLSA after November 2011, provided that they had already violated the FLSA over the prior year for numerous employees. Because FLSA overtime claims accrue each time the employer fails to pay the proper compensation, *see* 29 C.F.R. § 790.21, it is reasonable to infer that Defendants continued to violate the FLSA after November 2011 for at least some of the employees listed in the Complaint. In *Reich*, for instance, the trial court held that "the motion to add the names of additional employees is purely a technical matter," because the "original complaint put defendant on notice that the Secretary was seeking back pay and

injunctive relief for ongoing violations of the FLSA." 176 F.R.D. at 84-85 (footnotes omitted). Similarly, here, the allegations of the Complaint have placed Defendants on notice of alleged violations of the FLSA both during the investigation period and after November 2011.

The trial court in *Reich* further found that the "Secretary may be seeking the same or similar relief on behalf of 'certain employees presently unknown,'" and any "prejudice to defendant that may result from the additional cost of discovery in defense of the case is insufficient to warrant denial of leave to amend." *Id.* Here, the Government also seeks the same or similar relief on behalf of "persons presently unknown," (Docket No. 1 at 6), in an *ad damnum* clause, *see Reich*, 176 F.R.D. at 85. Defendants present no argument concerning prejudice to warrant denial of leave to amend. (Docket Nos. 17; 27). Defendants' Motion for Judgment on the Pleadings for all claims arising after November 2011 is therefore denied.

## V. CONCLUSION

For the aforementioned reasons,

IT IS HEREBY ORDERED that Defendant George M. Davison's Motion for Judgment on the Pleadings [13] is DENIED.

IT IS FURTHER ORDERED that Defendants George M. Davison and Davison Design & Development's Motion for Judgment on the Pleadings [16] is GRANTED, in part, and DENIED, in part; it is GRANTED to the extent that it seeks dismissal of claims arising prior to January 23, 2011, without prejudice; it is DENIED in all other respects.

An appropriate Order scheduling an initial case management conference shall follow.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:  December 23rd, 2013
cc/ecf: All counsel of record