IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13-1118 |
| v. | ) ) | Judge Nora Barry Fischer |
| DAVISON DESIGN & DEVELOPMENT, INC., a corporation; and GEORGE M. DAVISON, individually and as a Corporate Officer of the aforementioned corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

In this civil action, Plaintiff Thomas E. Perez, Secretary of the United States Department of Labor (hereinafter "Plaintiff" or the "Secretary"), has sued Defendants Davison Design & Development, Inc. and George M. Davison (collectively, "Davison" or "Defendants") under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), for overtime premiums that are allegedly owing to some 257 of Davison's current or former sale representatives. Davison contends that it is exempt from the FLSA's overtime provision because it is a "retail or service establishment" within the meaning of 29 U.S.C. §207(i). The Secretary disputes the applicability of this exemption.[1]

---

[1] The Court has subject matter jurisdiction over the parties' dispute pursuant to 28 U.S.C. §1331.

1

Presently pending before the Court are the parties' cross-motions for summary judgment. For the reasons that follow, the parties' respective motions will be denied without prejudice to be reasserted on a more fully developed record.

## I. Factual Background

Davison is a Pittsburgh-based product development company whose business consists primarily of providing research, development, and design services to aspiring inventors who seek help in realizing their ideas and presenting them to corporations and other such entities. (Defs.' Statement of Undisputed Material Fact, hereinafter "DSUMF," ¶¶1-2, ECF No. 33; Pl.'s Statement of Undisputed Material Facts, hereinafter "PSUMF," ¶¶ 1-3, ECF No. 46.)  The company likens its services to those of internal research and development departments located at many other corporations. (PSUMF ¶5, ECF No. 46.)  Davison's website states that it "help[s] people prepare and present their ideas to corporations, manufacturers, and retailers for possible licensing." (Id. at ¶ 7.)

Davison provides its product development services to aspiring inventors primarily in the form of two different service packages. (DSUMF ¶3.)[2]  The first package involves pre-development and representation services. These may include activities such as reviewing whether similar products are available for sale, researching patent information related to the client's prospective product, and identifying a target corporation that would be willing to receive information about the product. (DSUMF ¶6, ECF No. 33.)  Davison's second-phase service package may vary based on the client's needs but it generally includes more intensive work on developing and creating presentation materials, a product sample, a packaging sample, and other

---

[2] Sales of these packages accounted for 98 percent of Davison's annual total revenues in 2011, 2012, and 2013. (DSUMF ¶3.)

related services with the goal that the client's product can be presented to corporations and other entities that might be interested in licensing the finalized product.  (DSUMF ¶8, ECF No. 33.)  The specific services performed within each package vary depending on the nature and sophistication of the invention at issue and the progress that the client has already made with the underlying idea.  (DSUMF ¶5.)

Davison does not guarantee its clients that their ideas will be successful, or that they will turn a profit on them.  (DSUMF ¶ 16, ECF No. 33.)  Rather, it simply informs them that it will make its best efforts to professionally design a sample, packaging, and presentation materials that will give the potential licensee a clear understanding of the idea.

To sell its service packages to clients, Davison currently employs approximately 150 sales representatives.  (DSUMF ¶20, ECF No. 33.)  These sales representatives primarily communicate with clients over the telephone.  (Id. ¶21.)  Clients and prospective clients also occasionally visit Davison's offices for in-person meetings with sales representatives to discuss Davison's services.  (Id.)

Any individual or entity can contract for Davison's services, as the company is fully open to the general public and sells its services directly to such clients.  (DSUMF ¶ 4, ECF No. 33.)  In the past five years, Davison has entered into contracts for these packages with 58,865 individual clients.  (Id.) Davison draws its clients from across the country, with representatives in most, if not all of the fifty states, and across the world.  (PSUMF ¶19, ECF No. 46.)  Its clients include corporations as well as individuals. (Id. ¶ 20.)

## II.  Procedural History

The Secretary commenced this action against Davison on August 1, 2013, alleging that Davison violated the overtime and record-keeping requirements set forth in §§7, 11(c), 15(a)(2) and 15(a)(5) of the FLSA.  The complaint (ECF No. 1) seeks injunctive relief and back wages.

Defendants answered the complaint (ECF No. 10) and thereafter filed motions for judgment the pleadings.  (ECF Nos. 13 and 16).  The first motion sought to dismiss all claims against Defendant George Davison in his personal capacity on the theory that the alleged facts failed to show he exercised significant control over the employees at issue.  (ECF No. 13.)  The second motion sought to dismiss all claims for alleged violations occurring prior to January 23, 2011 on statute of limitations grounds and all claims arising thereafter for failure to state a viable claim under Federal Rule of Civil Procedure 12(c).  (ECF No. 16.)  By Memorandum Opinion and Order entered on December 23, 2013, the Court granted the Defendants' motion to dismiss with respect to those claims arising prior to January 23, 2011 and denied the motions in all other respects.  (ECF No. 29.)

Four days later, Defendants filed their pending motion for summary judgment and supporting brief (ECF Nos. 31, 32), in which they claim exemption from the FLSA's overtime requirement.  Plaintiff filed his response and cross-motion on March 3, 2014.  (ECF Nos. 41, 44, 45.)  Defendants filed their reply brief and opposition to the Plaintiff's motion on April 7, 2014 (ECF No. 51), and Plaintiff filed his own reply on April 23, 2014 (ECF No. 57).  The parties have also filed their respective appendices and concise statements of material facts and responses thereto relative to the foregoing motions.  (ECF Nos. 33, 34, 42, 43, 46, 47, 52, 53, 54, 55, 58, 59.)

### III. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted); *Diaz v. City of Philadelphia,* --- F. App'x---, 2014 WL 1724440 *2 (3d Cir. May 2, 2014). A district court analyzing a Rule 56 motion must view the facts of record, and any reasonable inferences arising therefrom, in the light most favorable to the nonmoving party. *Diaz, supra,* at *2 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)); *Burns v. Pa. Dep't of Corr.*, 642 F.3d 163, 170 (3d Cir.2011). However, unsubstantiated arguments made in briefs are not considered evidence of asserted facts. *Versarge v. Township of Clinton*, 984 F.2d 1359, 1370 (3d Cir.1993); *Smith v. Samuels*, 2013 WL 5176742 *3 (M.D. Pa. Sept. 12, 2013).

### IV. Discussion

Under §7(a) of the FLSA, employers must generally pay their employees at least one and one-half times their regular pay rate for any time they work in excess of forty hours per week. *See* 29 U.S.C. §207(a)(1); *Parker v. NutriSystem, Inc.*, 620 F.3d 274, 277 (3d Cir. 2010). However, the Act contains an exception to the overtime requirements for employees working in "retail or service establishments." Section 7(i), the so-called "retail commission exception," provides:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay

> of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.  In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C. § 207(i).  In this case, Davison insists that it meets the terms of this exemption, while the Secretary maintains that it does not.

It is the employer's burden to demonstrate "that the employee and/or employer come 'plainly and unmistakably' within the exemption's terms." *Rosano v. Township of Teaneck,* 754 F.3d 177, 185 (3d Cir. 2014) (*quoting Lawrence v. City of Philadephia*, 527 F.3d 299, 310 (3d Cir. 2008)).  Further, exemptions to the Act's requirements should be construed narrowly and against the employer.  *See Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392 (1960); *Lawrence,* 527 F.3d at 310).  "If the record is unclear as to some exemption requirement, the employer will be held not to have satisfied its burden."  *Haskins v. VIP Wireless LLC,* No. Civ. A. 09-754, 2010 WL 3938255 *4 (W.D. Pa. Oct. 5, 2010) (citing *Martin v. Cooper Elec. Supply Co.,* 940 F.2d 896, 900 (3d Cir. 1991)).

The parties are in agreement that, in order for Davison to qualify for the "retail commission exception," it must show that:  (1) it is "a retail or service establishment"; (2) the employees' regular rate of pay is more than one and one-half times the minimum wage; and (3) more than half of the employees' compensation "represents commissions on the sale of goods or services."  29 U.S.C. §207(i).  Davison has focused its argument on the first requirement, claiming that it is a "retail or service establishment."  Davison maintains that the second and third requirements have been conceded by the Secretary because they were not specifically put at issue in the complaint.  (Defs.' Br. Supp. Mot. Summ. Judg. 8, ECF No. 32.)

The Secretary takes issue with Davison's assertion that it qualifies as a "retail or service establishment." Specifically, the Secretary contends that Davison lacks a "retail concept" as that term is defined in the administrative regulations and case law. In addition, the Secretary disputes that the requirements as to regular rate of pay and commission have been conceded. On the contrary, the Secretary contends that the applicability of the §207(i) exemption is in the nature of an affirmative defense as to which Davison bears the burden of proof, and Davison failed to offer proof as to either of these requirements in support of its motion for summary judgment. (*See* Pl.'s Resp. in Opp. to Defs.' Mot. Summ. Judg. 17-19, ECF No. 41.)

In response to the Secretary's position, Davison has submitted a supplemental appendix in support of its motion for summary judgment, which consists of a declaration from Frank Vescio, President of Davison (ECF No. 53-1). Mr. Vescio represents, in relevant part, that "[t]hroughout the entirety of 2011 to the present, Davison's Sales Representatives' regular rate of pay was in excess of one and one-half times the federal minimum wage" and, throughout that same time period, the Sales Representatives "earned commissions on the sales of Davison's services... which ... accounted for more than half of their total compensation in appropriate representative periods." (Vescio Decl. ¶¶ 4-5, ECF No. 53-1.)

The Secretary objects to the Court's consideration of this evidence, arguing that it is filed out of time and is too conclusory to support a genuine issue of material fact. (Pl.'s Mem. in Reply to Defs.' Opp. to Pl.'s Cross Mot. Summ. Judg. 8-10, ECF No. 57.) In addition, however, the Secretary has submitted a supplemental counter-declaration from its investigator stating that, based on a review of Davison's payroll records and employee interviews, the investigator determined that "some of Davison's employees received a regular rate of pay for certain relevant

time periods that was less than one and one-half times the minimum wage as set forth under Section 206 of the [FLSA]." (Robinson Decl. ¶ 3, ECF No. 58-1.)

In light of the current state of the record, the Court will defer its ruling on the issue of whether Davison qualifies as a "retail or service establishment" pending the development of the record relative to the other two elements of the §207(i) exemption. Although the Secretary did not specifically put the employees' regular rate of pay or compensation structure at issue in the complaint (*see* Compl. ¶7), the Court is not prepared to conclude that the Secretary conceded these issues as Davison urges. There is authority to support the proposition that the "retail commission exception" is an affirmative defense[3] and, at any rate, the period for amending the pleadings is not yet closed in light of the terms of the parties' Rule 26(f) report (ECF No. 37). Accordingly, any defects which may exist in the Secretary's complaint may yet be cured by way of further amendment.

The Court also notes that issues as to the employees' regular rate of pay and compensation structure are inherently fact-specific inquiries. The present state of the record reveals that the parties disagree at least as to whether the employees' regular rate of pay exceeded one and one-half times the federal minimum wage;[4] however, the record does not permit resolution of that issue at the present juncture. Accordingly, Davison's motion for

---

[3] *See Corning Glass Works v. Brennan,* 417 U.S. 188, 196-97 (1974) (noting "the general rule that the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof"). *See also Dejesus v. HF Management Services, LLC,* 726 F.3d 85 (2d Cir. 2013)("A claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim.")(*citing Corning Glass Works*, 417 U.S. at 196); *Orton v. Johnny's Lunch Franchise, LLC* 668 F.3d 843, 846 (6th Cir. 2012)("An employer may raise a plaintiff's status as an exempt employee as an affirmative defense to claims brought under the FLSA.")(citation omitted). *But see Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 307 (7th Cir. 1986) (stating that §7(i) is not an affirmative defense that needs to be raised in the pleadings).

[4] The Secretary has suggested that he might ultimately concede satisfaction of the "commission" element, although he does not concede the point at present.

8

summary judgment must be denied for this reason alone.  Moreover, resolution of the rate-of-pay element may ultimately prove to be an independently dispositive issue with respect to some, if not all, of the employees at issue.

In light of the foregoing considerations, the Court will deny the parties' respective motions for summary judgment without prejudice.  The Secretary will be permitted to file an amended pleading to the extent he intends to specifically challenge Davison's ability to satisfy the regular rate-of-pay requirement and/or the commission requirement.  To the extent the Secretary intends to challenge Davison on these issues, the parties will be permitted a period of discovery, after which they may reassert their respective motions on a more developed record.

## V.  Conclusion

For the foregoing reasons, the parties' cross-motions for summary judgment will be denied without prejudice.  An appropriate order follows.

*/s/ Nora Barry Fischer*

Nora Barry Fischer
United States District Judge

Date:   August 20, 2014

cc:     All counsel of record
        (via CM/ECF)