IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13-1118 |
| v. | ) ) | Judge Nora Barry Fischer |
| DAVISON DESIGN & DEVELOPMENT, INC., a corporation; and GEORGE M. DAVISON, individually and as a Corporate Officer of the aforementioned corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.     Introduction**

This civil action was commenced on August 1, 2013 by Plaintiff Thomas Perez, Secretary of the United States Department of Labor (hereinafter, the "Secretary") against Defendants Davison Design & Development, Inc. and George M. Davison (collectively, "Davison") pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"). The Secretary contends, among other things, that Davison violated §7(a) of the FLSA, 29 U.S.C. §207(a), by failing to pay overtime premiums to approximately 257 of its current and former sales representatives. Davison maintains that it is exempt from the overtime requirement pursuant to an exception applicable to "retail or service establishments." *See* 29 U.S.C. §207(i).

On December 27, 2013, Davison filed a motion for summary judgment and supporting materials (ECF Nos. 31, 32, 33, 34) based on the claimed exemption. The Secretary filed his submissions in opposition to Davison's motion and in support of his own cross-motion for summary judgment on March 3, 2014 (ECF Nos. 41, 42, 43, 44, 45, 46, 47). The parties

1

subsequently filed their respective materials in reply and/or in opposition to the pending summary judgment motions (ECF No. 51, 52, 53, 54, 55, 57, 58, 59).

On August 20, 2014, this Court entered a Memorandum Opinion (ECF No. 60) and Order (ECF No. 61) denying the parties' cross-motions without prejudice to be reasserted on a more fully developed record. Davison then filed a motion for reconsideration of that ruling (ECF No. 64), which was denied in a Text Order dated October 7, 2014. The Court now issues this Memorandum Opinion in order to explain the reasoning for its October 7, 2014 ruling.

## II. Standard of Review

"A motion for reconsideration is a limited vehicle used 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Jackson v. City of Phila.,* 535 F. App'x 64, 69 (3d Cir. 2013) (*quoting Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999)). A court may grant such a motion if the party seeking reconsideration establishes one of the following: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *Id.* (*citing Max's Seafood Café,* 176 F.3d at 677). "Because of the interest in finality, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided." *Thomas v. Piccione,* Civil Action No. 13–425, 2014 WL 1653066, at *1 (W.D. Pa. April 24, 2014) (*citing Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992)). "'[A] motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it[ ] has already made, rightly or wrongly.'" *Id.* (*quoting Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)).

**III.     Discussion**

Under §7(a) of the FLSA, employers must generally pay their employees at least one and one-half times their regular pay rate for any time they work in excess of forty hours per week. *See* 29 U.S.C. §207(a)(1); *Parker v. NutriSystem, Inc.*, 620 F.3d 274, 277 (3d Cir. 2010). However, §7(i) of the Act provides an exception to the overtime mandate for employees who work in "retail or service establishments." This so-called "retail commission exception" provides that:

> [n]o employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C. § 207(i). *See also Parker,* 620 F.3d at 277. The central issue in dispute in this case is whether Davison's sales representatives meet the terms of this exemption.

As this Court previously observed, it is the employer's burden to demonstrate "that the employee and/or employer come 'plainly and unmistakably' within the exemption's terms." *Rosano v. Township of Teaneck,* 754 F.3d 177, 185 (3d Cir. 2014) (*quoting Lawrence v. City of Philadephia*, 527 F.3d 299, 310 (3d Cir. 2008)). Moreover, exemptions to the Act's requirements should be construed narrowly and against the employer. *See Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392 (1960); *Lawrence,* 527 F.3d at 310. "'[I]f the record is unclear as to some exemption requirement, the employer will be held not to have satisfied its burden.'" *Haskins v. VIP Wireless LLC,* No. Civ. A. 09-754, 2010 WL 3938255 *4 (W.D. Pa.

Oct. 5, 2010) (quoting *Martin v. Cooper Elec. Supply Co.,* 940 F.2d 896, 900 (3d Cir. 1991)) (alteration in the original).

To qualify for the "retail commission exception," an employer must show that: (1) it is "a retail or service establishment"; (2) the subject employees' regular rate of pay is more than one and one-half times the minimum wage; and (3) more than half of the employees' compensation "represents commissions on the sale of goods or services." 29 U.S.C. §207(i). *See also Gieg v. DDR, Inc.,* 407 F.3d 1038, 1046 (9th Cir. 2005). In its motion for summary judgment, Davison focused only on the first requirement, arguing that it qualified as a "retail or service establishment" within the meaning of the Act. Davison did not initially address the second and third requirements at any length because it believed those elements had been conceded by the Secretary inasmuch as they were not specifically pleaded in the complaint. (*See* Defs.' Br. Supp. Mot. Summ. Judg. 1 n.1 and 8, ECF No. 32.)

In response to Davison's motion, the Secretary disputed that Davison qualified as a "retail or service establishment" and denied that any element of the exemption had been conceded. As to elements (2) and (3), the Secretary argued that no waiver of these issues could have resulted from the manner in which the complaint was pleaded because the exemption under §7(i) is in the nature of an affirmative defense as to which Davison bears the burden of proof. The Secretary maintained that, because Davison had failed to offer proof as to the employees' regular rate of pay and/or compensation structure, Davison could not prevail on its motion for summary judgment. (*See generally* Pl.'s Resp. in Opp. to Defs.' Mot. Summ. Judg. 17-19, ECF No. 41.)

Thereafter, each party filed affidavits addressing the rate-of-pay and commission elements of the exemption. (ECF Nos. 53-1, 58-1.) After reviewing each side's submissions, the Court determined that summary judgment was not warranted. The Court stated:

> In light of the current state of the record, the Court will defer its ruling on the issue of whether Davison qualifies as a "retail or service establishment" pending the development of the record relative to the other two elements of the §207(i) exemption. Although the Secretary did not specifically put the employees' regular rate of pay or compensation structure at issue in the complaint (*see* Compl. ¶7), the Court is not prepared to conclude that the Secretary conceded these issues as Davison urges. There is authority to support the proposition that the "retail commission exception" is an affirmative defense [ ] and, at any rate, the period for amending the pleadings is not yet closed in light of the terms of the parties' Rule 26(f) report (ECF No. 37). Accordingly, any defects which may exist in the Secretary's complaint may yet be cured by way of further amendment.
>
> The Court also notes that issues as to the employees' regular rate of pay and compensation structure are inherently fact-specific inquiries. The present state of the record reveals that the parties disagree at least as to whether the employees' regular rate of pay exceeded one and one-half times the federal minimum wage;[ ] however, the record does not permit resolution of that issue at the present juncture. Accordingly, Davison's motion for summary judgment must be denied for this reason alone. Moreover, resolution of the rate-of-pay element may ultimately prove to be an independently dispositive issue with respect to some, if not all, of the employees at issue.
>
> In light of the foregoing considerations, the Court will deny the parties' respective motions for summary judgment without prejudice. The Secretary will be permitted to file an amended pleading to the extent he intends to specifically challenge Davison's ability to satisfy the regular rate-of-pay requirement and/or the commission requirement. To the extent the Secretary intends to challenge Davison on these issues, the parties will be permitted a period of discovery, after which they may reassert their respective motions on a more developed record.

(Mem. Op. Aug. 12, 2014 at 8-9, ECF No. 60 (internal footnotes omitted).)

In its motion for reconsideration, Davison asserted three reasons why, in its view, this Court should issue a "final ruling" recognizing Davison as a "retail or service establishment." (Defs.' Br. Supp. Mot. Recons. 3, ECF No. 65.) First, Davison asserted that the issue of whether it qualifies as a "retail or service establishment" requires no further discovery and is fully ripe for review. Second, Davison argued that resolution of this issue would allow the parties to efficiently resolve the more fact-intensive "rate of pay" and compensation structure inquiries.

5

Third, Davison maintained that resolution of the "retail or service establishment" issue would greatly assist the parties in evaluating their respective positions and the viability of alternative dispute resolution. (Br. Supp. Mot. Recons. 3-5.)

After consideration of these arguments, the Court denied Davison's motion. As noted above, motions for reconsideration are granted only sparingly and in limited situations – *i.e.*, where there has been an intervening change in the law governing the dispute, where new evidence has been discovered that could not previously have been presented by the parties, or where reconsideration is necessary in order to correct a clear error of law or to prevent manifest injustice. *Jackson v. City of Phila.,* 535 F. App'x at 69; *Max's Seafood Café v. Quinteros,* 176 F.3d at 677; *Thomas v. Piccione,* 2014 WL 1653066, at *1. None of the grounds articulated by Davison falls within the limited parameters wherein reconsideration is appropriate. In fact, Davison accepts as "well taken" the Court's previous conclusion that the record is not sufficiently developed so as to permit an adequate review of all three elements of the retail commission exception. (*See* Defs.' Br. Supp. Mot. Recons. 1, ECF No. 65.) Because each of the three elements is a necessary condition which must be satisfied in order for the exemption to apply, the existence of a potential issue of fact as to any single element precludes a grant of summary judgment in Davison's favor. Accordingly, as Davison implicitly recognizes, the Court's denial of its motion for summary judgment could not have involved any error of law or manifest injustice (nor does Davison allege a change in the applicable law or the discovery of new evidence as might otherwise make reconsideration appropriate).

In essence, Davison, through its motion for reconsideration, sought a grant of partial summary judgment relative to the limited issue of whether it qualifies as a "retail or service establishment" for purposes of the exemption. Davison sought this ruling not to correct a clear

6

legal error or to prevent manifest injustice, but rather to narrow the issues in dispute and enhance its settlement position (in the event it prevailed) or, alternatively, to eliminate the cost of additional discovery (in the event it received an adverse ruling). Although the Court fully appreciates Davison's concerns and the reasoning behind its request for reconsideration, the countervailing interest in finality counsels against this Court's revisitation of its prior ruling. Accordingly, the motion for reconsideration was denied.

*/s/ Nora Barry Fischer*

Nora Barry Fischer
United States District Judge

Dated: October 16, 2014

cc: All counsel of record (via CM/ECF)